UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDBIN HELI COZ,

     Applicant,

v.                                  CASE NO. 8:21-cv-1009-SDM-SPF

SECRETARY, Department of Corrections,

     Respondent.

_____/

## **ORDER**

     Coz applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for sexual battery on a child under twelve years of age, lewd or lascivious molestation of a child under twelve years of age, and aggravated child abuse, for which he is imprisoned for life.  Numerous exhibits ("Respondent's Exhibit __") support the response.  (Doc. 6-2)  The respondent concedes that the application is timely but argues that each ground lacks merit.

## **I. BACKGROUND**[1]

     From 2008 to 2015, Coz lived with his girlfriend, Linda Orona, and her three minor children, R.G., E.O., and L.O.  On several occasions, Coz took R.G. to his bedroom and touched her vagina and breasts.  R.G. was under the age of twelve when these incidents occurred.  Also, Coz sexually abused E.O. "[m]ore than one

---

[1] This summary of the facts derives from the trial transcript.  (Respondent's Exhibits 6–8)

time." (Respondent's Exhibit 7 at 224) While Orona was at work, Coz would wake E.O., take her to his bedroom, digitally penetrate her vagina and anus, and instruct her "[n]ot to tell anybody." (Respondent's Exhibit 7 at 224) E.O. was under the age of ten when the abuse happened. Orona's youngest daughter, L.O., testified that on several occasions, Coz took her to his bedroom and rubbed her vagina with his leg.

On December 25, 2014, Coz and Orona were arguing in the kitchen. Coz began to hit Orona "really hard." (Respondent's Exhibit 7 at 323) Orona's daughters entered the kitchen and saw Coz kicking and punching their mother on the floor. When R.G. tried to intervene, Coz hit her in the head with a wooden cutting board. R.G. suffered a skull fracture and an epidural hematoma. R.G. was treated at the hospital, but Coz instructed E.O. and L.O. to say that R.G. had fallen on a rock.

The victims did not disclose the sexual abuse to law enforcement until after the Christmas incident. E.O. testified that she did not reveal the abuse sooner because she was afraid that Coz would "hit" her. (Respondent's Exhibit 7 at 228) Likewise, R.G. stated that she did not "tell someone sooner" because she was "scared" of Coz. (Respondent's Exhibit 7 at 249)

Coz was charged with two counts of lewd or lascivious molestation and one count of sexual battery. (Respondent's Exhibit 5) In a separate case, he was charged with one count of aggravated child abuse for the Christmas incident. (Respondent's Exhibit 3) Coz agreed to consolidate the two cases, which proceeded to trial. Coz testified in his defense (1) that he "did hit [R.G.], but it was accidental" and (2) that

he "never touched the girls inappropriately." (Respondent's Exhibit 8 at 426) During closing argument, Coz's counsel asserted that the victims fabricated the sexual abuse because they "wanted [him] out of the picture" after R.G. "was accidentally hit and wound up [in] the hospital." (Respondent's Exhibit 8 at 459)

The jury found Coz guilty of sexual battery of E.O., lewd or lascivious molestation of R.G., and aggravated child abuse of R.G. (Respondent's Exhibit 9) The jury acquitted him of lewd or lascivious molestation of L.O. (Respondent's Exhibit 9) The appellate court affirmed the convictions without a written opinion. *Coz v. State*, 226 So. 3d 826 (Fla. 2d DCA 2017). Coz unsuccessfully sought post-conviction relief under Florida Rule of Criminal Procedure 3.850 and Florida Rule of Appellate Procedure 9.141(d). (Respondent's Exhibits 18, 31, 35) This federal habeas application followed. (Doc. 1)

## II. <u>STANDARD OF REVIEW</u>

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Williams v. Taylor*, 529 U.S. 362, 412–13 (2000), explains this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court.  Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied — the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable[;] . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 693 (2002).  "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562

U.S. 86, 103 (2011). *See White v. Woodall*, 572 U.S. 415, 427 (2014) ("The critical point is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no fairminded disagreement on the question . . . ."); *Woods v. Donald*, 575 U.S. 312, 316 (2015) ("And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice.") (citing *Woodall*, 572 U.S. at 419). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "[AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell*, 535 U.S. at 694. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants — and federal courts — from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) ("[A] federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable."). When the relevant state-court decision is not accompanied with reasons for the decision, the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Wilson*, 138 S. Ct. at 1192.

In *per curiam* decisions without written opinions, the state appellate court affirmed Coz's convictions and affirmed the denial of his Rule 3.850 motion for post-conviction relief. *Coz v. State*, 226 So. 3d 826 (Fla. 2d DCA 2017); *Coz v. State*, 311 So. 3d 6 (Fla. 2d DCA 2021) Similarly, in another *per curiam* decision without a written opinion, the state appellate court denied Coz's petition alleging ineffective assistance of appellate counsel. (Respondent's Exhibit 18) The state appellate court's *per curiam* decisions warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002). *See also Richter*, 562 U.S. at 100 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."), *and Bishop v. Warden*, 726 F.3d 1243, 1255–56 (11th Cir. 2013)

(describing the difference between an "opinion" or "analysis" and a "decision" or "ruling" and explaining that deference is accorded the state court's "decision" or "ruling" even absent an "opinion" or "analysis").

As *Pinholster* explains, 563 U.S. at 181–82, review of the state court decision is limited to the record that was before the state court:

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law.  This backward-looking language requires an examination of the state-court decision at the time it was made.  It follows that the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court.

Coz bears the burden of overcoming by clear and convincing evidence a state court's fact determination.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact.  *Parker v. Head*, 244 F.3d 831, 836 (11th Cir. 2001).

### III. <u>TRIAL COURT ERROR</u>

<u>Ground One:</u>

Coz argues that the trial court violated his right to due process by denying his motion for judgment of acquittal.  According to Coz, no reasonable jury could have

convicted him of aggravated child abuse because (1) the prosecution presented no evidence that he "knowingly, intentionally, and purposefully intended to injure" R.G. and (2) the prosecution failed to refute his "hypothesis [that] the injury was accidental." (Doc. 1 at 8–9)  The trial court denied Coz's motion for judgment of acquittal without explanation, and the appellate court affirmed the denial in an unelaborated decision.  (Respondent's Exhibit 8 at 409; *Coz v. State*, 226 So. 3d 826 (Fla. 2d DCA 2017))  Consequently, Coz must show that the state court's decision possessed "no reasonable basis."  *Richter*, 562 U.S. at 98.  He cannot meet his burden.

The Due Process Clause of the Fourteenth Amendment requires the state to prove beyond a reasonable doubt each element of the charged offense.  *Jackson v. Virginia*, 443 U.S. 307, 316 (1979).  The governing question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson*, 443 U.S. at 319.  "When the record reflects facts that support conflicting inferences, there is a presumption that the jury resolved those conflicts in favor of the prosecution and against the defendant."  *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 463 (11th Cir. 2015).  *Jackson* "makes clear that it is the responsibility of the jury — not the court — to decide what conclusions should be drawn from evidence admitted at trial."  *Cavazos v. Smith*, 565 U.S. 1, 2 (2011).

"[A] federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with

the state court.  The federal court instead may do so only if the state court decision was 'objectively unreasonable.'"  *Cavazos*, 565 U.S. at 2 (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010)).

Coz fails to show that the state court's rejection of his sufficiency challenge was "objectively unreasonable."  *Cavazos*, 565 U.S. at 2.  "Under Florida law, aggravated child abuse occurs in several ways, including when a person commits aggravated battery on a child."  *Sosa-Martinez v. U.S. Atty. Gen.*, 420 F.3d 1338, 1342 (11th Cir. 2005).  Aggravated battery occurs when, in committing battery (an unlawful touching), the defendant "[i]ntentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement."  Fla. Stat. § 784.045(1)(a).  "The law is clear that a trial court should rarely, if ever, grant a motion for judgment of acquittal on the issue of intent."  *Washington v. State*, 737 So. 2d 1208, 1215 (Fla. 1st DCA 1999).  "This is because proof of intent usually consists of the surrounding circumstances of the case."  *Washington*, 737 So. 2d at 1215.

The prosecution presented sufficient evidence of aggravated child abuse.  On Christmas Day 2014, Coz was arguing with Orona in the kitchen.  The argument escalated, and he began to hit her "really hard."  (Respondent's Exhibit 7 at 323) R.G. entered the kitchen with her sisters, saw her mother on the ground, and tried to intervene.  Coz responded by striking R.G. in the head with a wooden cutting board. At the time, R.G. was standing in front of Coz.  The blow caused R.G. to suffer a skull fracture and an epidural hematoma.  Based on this evidence, a rational jury could find beyond a reasonable doubt that Coz "[i]ntentionally or knowingly

cause[d] great bodily harm" — a skull fracture and an epidural hematoma — by striking R.G. in the head with a cutting board.  Fla. Stat. § 784.045(1)(a); *see also* *Sagner v. State*, 791 So. 2d 1156, 1159 (Fla. 4th DCA 2001) ("Evidence of the heated discussion and name calling between appellant and [the victim], immediately followed by appellant's looking [the victim] 'straight in the eyes' and throwing the bottle 'pretty hard' in his direction, was sufficient to show appellant's specific intent to commit [aggravated battery].").  Because the prosecution presented sufficient evidence that Coz committed aggravated battery on a child, the state court reasonably concluded that he was not entitled to a judgment of acquittal for aggravated child abuse.

## IV. <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

Coz claims ineffective assistance of trial and appellate counsel, a difficult claim to sustain.  "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).  *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains that *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims.  According to *Strickland*,

>First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

"There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  466 U.S. at 690.  "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  466 U.S. at 690.  *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  466 U.S. at 690.

Coz must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.  To meet this burden, Coz must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694.

Coz cannot meet his burden by showing that the avenue chosen by counsel proved unsuccessful.  *White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992). *Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  *Strickland*, 466 U.S. at 690–91.

The *Strickland* standard of review applies to a claim of ineffective assistance of appellate counsel.  *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991).  To establish such a claim, Coz must show both that appellate counsel performed deficiently and that the deficient performance resulted in prejudice.  To demonstrate deficient performance, Coz must show that appellate counsel's failure to discover a non-frivolous issue and file a merits brief raising that issue fell outside the range of professionally acceptable performance.  *Smith v. Robbins*, 528 U.S. 259, 285–86 (2000).  To demonstrate prejudice, Coz must show that a reasonable probability exists that, but for appellate counsel's unreasonable failure to file a merits brief on a particular issue, Coz would have prevailed on appeal.  *Smith*, 528 U.S. at 285–86.

Sustaining a claim of ineffective assistance of counsel under Section 2254(d) is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."

- 12 -

*Richter*, 562 U.S. at 105. *See Nance v. Warden, Ga. Diag. Prison*, 922 F.3d 1298, 1303 (11th Cir. 2019) ("Given the double deference due, it is a 'rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.'") (quoting *Johnson v. Sec'y, Dep't Corrs.*, 643 F.3d 907, 911 (11th Cir. 2011)).

In determining "reasonableness," Section 2254(d) authorizes determining only "whether the state habeas court was objectively reasonable in its *Strickland* inquiry" and not independently assessing whether counsel's actions were reasonable. *Putman v. Head*, 268 F.3d 1223, 1244 n.17 (11th Cir. 2001). The presumption of correctness and the highly deferential standard of review require that the analysis of each ground begin with the state court's analysis.

**Ground Two:**

Coz contends that appellate counsel provided ineffective assistance by failing to argue that the charging information was "fundamentally defective." (Doc. 1 at 12) According to Coz, sexual battery on a child under the age of twelve requires proof of "injury to the alleged victim's sexual organ." (Doc. 1 at 14) Coz maintains (1) that the information was defective because it failed to allege this "essential element" and (2) that appellate counsel performed deficiently by neglecting to raise the alleged error on direct appeal. (Doc. 1 at 14) Also, Coz faults trial counsel for "not informing [him] that injury to the alleged victim's sexual organs is an essential element" of sexual battery. (Doc. 1 at 13) Had he known this "vital information," Coz allegedly could have sought an acquittal based on the prosecution's failure to

present any evidence of injury to E.O.'s sexual organs. (Doc. 1 at 13)  Lastly, Coz argues that appellate counsel should have challenged his convictions for sexual battery and lewd or lascivious molestation because they rested entirely on "victim testimony without corroborating evidence."  (Doc. 1 at 16)

Even under *de novo* review, these claims do not entitle Coz to relief.  *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) ("Courts can . . . deny writs of habeas corpus under § 2254 by engaging in *de novo* review . . . because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on *de novo* review.").  Counsel "is not ineffective for failing to raise claims reasonably considered to be without merit."  *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000); *see also Brown v. United States*, 720 F.3d 1316, 1335 (11th Cir. 2013) ("It is . . . crystal clear that there can be no showing of actual prejudice from an appellate attorney's failure to raise a meritless claim.").  As explained below, Coz's arguments about the information and the sufficiency of the evidence are frivolous.  Therefore, counsel did not render ineffective assistance by failing to pursue them.

First, the information was not defective.  An information "is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events."  *United States v. Stavroulakis*, 952 F.2d 686, 693 (11th Cir. 1992).  "Those requirements are satisfied by an [information] that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime."  *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983).

Coz was charged with one count of sexual battery of a child under twelve years of age.  That offense requires proof that (1) the defendant used an object to penetrate the victim's vagina or anus, (2) the defendant was eighteen years of age or older, and (3) the victim was less than twelve years of age.  Fla. Stat. § 794.011(2)(a); *see also* Fla. Std. Jury. Instr. (Crim.) 11.1.  The information in Coz's case "track[ed] the wording of the statute."  *Yonn*, 702 F.2d at 1348.  Count one alleged that Coz, "while being eighteen [ ] years of age or older," "commit[ted] a sexual battery upon E.O.," a child under the age of twelve, by "penetrat[ing] [her] vagina or anus" "with his finger."  (Respondent's Exhibit 5 at 1)  According to the information, Coz committed these acts "contrary to Section 794.011(2)(a)."  (Respondent's Exhibit 5 at 1)  Because the prosecution "both provided the citation to the specific statute[] for the offense and used language nearly identical to the statute," the information "was constitutionally adequate and sufficiently informed [Coz] of the charge" against him. *Sneed v. Fla. Dep't of Corr.*, 496 F. App'x 20, 23-24 (11th Cir. 2012).

Coz contends that the information should have included the "essential element" of "injury to the alleged victim's sexual organ."  (Doc. 1 at 14)  Coz misreads the statute.  Florida law criminalizes "an *attempt* to commit sexual battery" that "injures the sexual organs of" a child under the age of twelve.  Fla. Stat. § 794.011(2)(a) (emphasis added).  But Coz was not charged with attempted sexual battery.  He was charged with actual sexual battery, which does not require proof of injury to the victim's sexual organs.  *See Clark v. Sec'y, Dep't of Corr.*, No. 8:18-cv-2670-MSS-AEP, 2022 WL 485229, at *12 (M.D. Fla. Feb. 17, 2022) ("[Petitioner]

was not charged with injuring the sexual organs of D.A. while attempting to sexually batter her; rather, he was charged with committing sexual battery upon D.A. 'by penetration of and/or union with the vagina of D.A. by the mouth of' [petitioner]. Thus, the State did not have to prove injury to obtain a conviction.").

Second, Coz's convictions were not subject to challenge on the ground that they rested solely on "victim testimony without corroborating evidence." (Doc. 1 at 16) "The testimony of a single witness, even if uncorroborated and contradicted by other State witnesses, is sufficient to sustain a conviction." *Bussell v. State*, 66 So. 3d 1059, 1061 (Fla. 1st DCA 2011). Also, Florida law provides that "in a prosecution" for sexual battery or lewd or lascivious molestation, "[t]he testimony of the victim need not be corroborated." Fla. Stat. § 794.022(1).[2]

Both E.O. and R.G. testified about the sexual abuse Coz inflicted on them when they were under the age of twelve. E.O. stated that on several occasions, Coz woke her, took her to his bedroom, and digitally penetrated her vagina and anus. This testimony was sufficient to sustain a conviction for sexual battery. *See* Fla. Stat. § 794.011(2)(a); *see also* Fla. Std. Jury. Instr. (Crim.) 11.1. R.G. stated that on several occasions, Coz took her to his bedroom and touched her vagina and breasts. Based on this testimony, a rational jury could find Coz guilty of lewd or lascivious molestation. *See* Fla. Stat. § 800.04(5)(b) (defining lewd or lascivious molestation as

---

[2] Coz appears to contend that Fla. Stat. § 794.022(1) is unconstitutional. (Doc. 1 at 15) But "the testimony of the victim alone is constitutionally sufficient to sustain a conviction." *Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008); *see also United States v. Knight*, 381 F. App'x 942, 944 (11th Cir. 2010) ("A federal conviction . . . can be based on the uncorroborated testimony of a single witness.").

"intentionally touch[ing] in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person").

For all these reasons, counsel did not perform deficiently by failing to raise Coz's meritless arguments about the information and the sufficiency of the evidence. *See Freeman v. Atty. Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim.").

## Ground Three, Sub-Claim A:

Coz asserts that appellate counsel rendered ineffective assistance by failing to argue that the trial court committed fundamental error in its jury instructions. (Doc. 1 at 16) According to Coz, the trial court mistakenly failed to instruct the jury on lesser-included offenses for sexual battery and lewd or lascivious molestation.[3] (Doc. 1 at 16–17) Coz maintains that the "failure to correctly instruct the jury on a lesser-included offense constitutes fundamental error" and that appellate counsel performed deficiently by failing to raise this issue on direct appeal. (Doc. 1 at 17) The state appellate court rejected Coz's ineffective assistance claim in an unelaborated decision. (Respondent's Exhibit 18)

This ground lacks merit. At trial, Coz did not object to the failure to instruct the jury on lesser-included offenses. Consequently, the claim for ineffective assistance of appellate counsel turns on whether the alleged error was "fundamental" under Florida law. If the alleged error was "not fundamental, then [Coz's] appellate

---

[3] Coz does not identify the lesser-included offenses that allegedly should have been presented to the jury.

counsel would have been procedurally barred from raising it on appeal, and so he could not have been ineffective for failing to raise it." *Scott v. Sec'y, Dep't of Corr.*, 857 F. App'x 548, 551 (11th Cir. 2021); *see also State v. Delva*, 575 So. 2d 643, 644 (Fla. 1991) ("Instructions . . . are subject to the contemporaneous objection rule, and, absent an objection at trial, can be raised on appeal only if fundamental error occurred.").

By rejecting Coz's ineffective assistance claim in an unelaborated order, the state appellate court "implicitly" determined that the instructions were not fundamentally erroneous. *See Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1297 (11th Cir. 2017) (holding that, "[b]ecause the Florida Second District Court of Appeal denied [petitioner's] state habeas petition" without explanation, "the Florida court has already determined, albeit implicitly, that the error was not fundamental error"). "[T]he fundamental error question is an issue of state law, and state law is what the state courts say it is." *Pinkney*, 876 F.3d at 1299. Therefore, the district court "must defer to the [state] court's underlying determination[]" that the instructions were not fundamentally erroneous. *Pinkney*, 876 F.3d at 1297–98. Because the instructions did not constitute fundamental error, "appellate counsel would have been procedurally barred from [challenging them] on appeal." *Scott*, 857 F. App'x at 551. Counsel "will not be held to have performed deficiently" where, as here, he "fail[s] to perform a futile act, one that would not have gotten his client any relief." *Pinkney*, 876 F.3d at 1297.

**Ground Three, Sub-Claim B:**

Coz separately contends that trial counsel provided ineffective assistance by failing to request lesser-included offense instructions for sexual battery and lewd or lascivious molestation. (Doc. 1 at 16) The respondent argues that this claim is unexhausted and procedurally defaulted. (Doc. 6 at 22–23) The district court need not decide whether the claim is defaulted because it fails on the merits. *See Dallas v. Warden*, 964 F.3d 1285, 1307 (11th Cir. 2020) ("As we have said many times and as the Supreme Court has held, a federal court may skip over the procedural default analysis if a claim would fail on the merits in any event.").

Florida law requires a jury to "render a true verdict according to the law and the evidence." *Sanders v. State*, 946 So. 2d 953, 958 (Fla. 2006). Thus, a jury may convict of a lesser-included offense "only if it decide[s] that the main accusation has not been proved beyond a reasonable doubt." *Sanders*, 946 So. 2d at 958. In accord with this principle, the jury in Coz's case was instructed that if it "return[ed] a verdict of guilty, it should be for the highest offense which has been proven beyond a reasonable doubt." (Respondent's Exhibit 8 at 479) The district court must assume that the jury followed this instruction. *See Strickland*, 466 U.S. at 694 ("[A] court should presume . . . that the judge or jury acted according to law."). As noted above, the jury found Coz guilty of sexual battery and lewd or lascivious molestation — the highest offenses charged in this case. Consequently, "even if the lesser-offense instructions had been given, the jury would not have been permitted to convict [Coz] of the lesser-included offenses because it had concluded that the evidence established

that he was guilty of the greater offenses." *Crapser v. Sec'y, Dep't of Corr.*, 855 F. App'x 626, 628 (11th Cir. 2021).

Coz's claim "depends . . . on the possibility of a jury pardon — that is, that the jury would have disregarded its oath and violated its instructions by acquitting him of the greater offense and convicting him of a lesser one even though the evidence supported both crimes." *Crapser*, 855 F. App'x at 628. "The possibility of a jury pardon, however, cannot establish prejudice under *Strickland*." *Thornton v. Sec'y, Fla. Dep't of Corr.*, No. 3:18-cv-762-MMH-PDB, 2021 WL 2073685, at *9 (M.D. Fla. May 24, 2021); *see also Santiago v. Sec'y, Fla. Dep't of Corr.*, 472 F. App'x 888, 889 (11th Cir. 2012) ("The jury in [petitioner's] trial concluded that the evidence against him supported his conviction for the greater offenses on which it was instructed; therefore, even if the lesser-offense instructions had been given, the jury would not have been permitted to convict [petitioner] of the lesser included offenses because it had concluded that the evidence established that he was guilty of the greater offenses.").[4]

**Ground Four:**

Ground four rehashes Coz's argument that his conviction for sexual battery "violates due process" because the prosecution neither alleged nor proved injury to

---

[4] Generously construed, Coz's application alleges that appellate counsel was ineffective for failing to raise the claim of ineffective assistance of trial counsel in ground three, sub-claim B. As explained above, however, the claim of ineffective assistance of trial counsel lacks merit. Consequently, appellate counsel did not perform deficiently by failing to raise this meritless claim. *See Payne v. Allen*, 539 F.3d 1297, 1314 (11th Cir. 2008) ("[T]o determine whether [a petitioner] has shown ineffective appellate counsel, [the court] must determine whether [he] has shown underlying meritorious ineffective-trial-counsel claims.").

E.O.'s sexual organs.  (Doc. 1 at 20)  Also, Coz repeats his argument that trial and appellate counsel provided ineffective assistance by failing to challenge the absence of this "essential element."  (Doc. 1 at 19)  As explained above, sexual battery of a child under the age of twelve does not require proof of injury to the victim's sexual organs.  *See* Fla. Stat. § 794.011(2)(a).  Consequently, ground four lacks merit.

**Ground Five:**

Coz asserts that trial counsel rendered ineffective assistance by failing to object to "improper comments of the prosecutor" during closing argument.  (Doc. 1 at 22)  Coz challenges the following comments (Respondent's Exhibit 8 at 453–54):

> [The victims] loved [Coz] as a father figure.  Why would they be here telling you all that he did, all these horrible things to them, if that did not happen?  There's no reason for it.  It's not a child taking a cookie from the jar before dinner, where that child would have motive to lie because they'd get in trouble.  There's no motive to lie.  Nobody told them to lie.  They have no reason to lie.

Coz maintains that these remarks improperly "bolster[ed] the testimony" of the victims by "vouching for [their] credibility."  (Doc. 1 at 22)

The post-conviction court rejected this claim on the ground that any objection to the prosecutor's remarks "would have been meritless."  (Respondent's Exhibit 31 at 5)  The court explained (1) that "[c]losing argument is an opportunity for counsel to review the evidence and to explicate those inferences which may reasonably be drawn from the evidence" and (2) that "[a]ttorneys are permitted wide latitude in closing arguments but are not permitted to make improper argument."  (Respondent's Exhibit 31 at 4)  The court applied these principles and found that

"the prosecutor's statement that the children love [Coz] as a father figure was based on evidence presented at trial." (Respondent's Exhibit 31 at 5) Specifically, Coz "testified that the victims loved him as a father figure because he provided them with financial support." (Respondent's Exhibit 31 at 5) Coz's aunt, Antonia Coz, "also testified that all three girls loved [Coz] as a father figure." (Respondent's Exhibit 31 at 5) Therefore, the court held that counsel had no legal basis to object to the prosecutor's remarks.

The rejection of this claim was reasonable. "A prosecutor's remarks are improper if they attempt to bolster the credibility of a witness based on the government's reputation or through alluding to evidence not admitted at trial." *United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009). "To determine if the government improperly vouched for a witness, the court must decide whether a jury could reasonably believe that the prosecutor was indicating a personal belief in the witness'[s] credibility." *Lopez*, 590 F.3d at 1256. "This prohibition against vouching does not, however, forbid prosecutors from arguing credibility; rather, it forbids arguing credibility based on the reputation of the government office or on evidence not before the jury." *Lopez*, 590 F.3d at 1256. "[A]n attorney is allowed to argue reasonable inferences from the evidence and to argue credibility of witnesses or any other relevant issue so long as the argument is based on the evidence." *Gonzalez v. State*, 136 So. 3d 1125, 1143 (Fla. 2014).

The challenged remarks did not "amount to an explicit, personal guarantee of credibility, such as assuring the jury that the prosecution would not have brought the

case unless the defendant was actually guilty." *United States v. Hernandez*, 921 F.2d 1569, 1573 (11th Cir. 1991).  Instead, the prosecutor urged the jury to credit the victims' testimony based on "facts in evidence and reasonable inferences from those facts." *United States v. Gonzalez*, 834 F.3d 1206, 1226 (11th Cir. 2016).  As the post-conviction court noted, Coz and his aunt testified that the victims "love[d] [Coz] as a father figure."  (Respondent's Exhibit 8 at 420, 433)  Based on this testimony, a jury could reasonably infer that the victims lacked a motive to falsely accuse Coz of sexual abuse.  Therefore, the prosecutor did not act improperly in arguing that the victims had no reason to lie.  *See United States v. Hernandez*, 921 F.2d 1569, 1573 (11th Cir. 1991) ("The prosecutor may not vouch for witnesses but may still argue that the fair inference from the facts presented is that a witness had no reason to lie.").

Because any objection to the prosecutor's remarks would have lacked merit, the post-conviction court reasonably rejected the ineffective assistance claim.  *See Freeman*, 536 F.3d at 1233 ("A lawyer cannot be deficient for failing to raise a meritless claim.").

**Ground Six:**

Coz argues that trial counsel was ineffective for failing to object to the trial court's "allow[ing] the jury to take into the jury room" video recordings of the victims' interviews with the Manatee County Child Protection Team.  (Doc. 1 at 26)  During trial, the videos were played to the jury.  The court asked whether "both sides agree[d] that" the videos could "go back to the jury room" once deliberations began. (Respondent's Exhibit 8 at 337–38)  Both the prosecution and Coz's counsel

consented.  Coz maintains that under Florida law, "trial testimony presented by way of videotape [is] not permitted in the jury room."  (Doc. 1 at 28)  Therefore, he faults counsel for failing to argue that the "videotape . . . interviews . . . should not have been permitted into the jury room during deliberations."  (Doc. 1 at 29)

After holding an evidentiary hearing, the post-conviction court denied Coz's claim in a written order.  The court agreed that under Florida law, the jury should not have been allowed to view the "videotaped interviews with [the] child victims in the jury room during deliberations."  (Respondent's Exhibit 31 at 5)  To support this conclusion, the court cited *Young v. State*, 645 So. 2d 965, 967 (Fla. 1994), which held that "videotaped out-of-court interviews with child victims introduced into evidence [at trial] shall not be allowed into the jury room during deliberations." (Respondent's Exhibit 31 at 6)  Because Coz's counsel "admitted [at the evidentiary hearing] that he was unaware of the ruling in *Young*," the court found counsel's performance "deficient."  (Respondent's Exhibit 31 at 7)

The court nevertheless denied relief because Coz "failed to establish a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different."  (Respondent's Exhibit 31 at 7)  The court noted that *Young* did "not prevent the trial judge from allowing the jury to view the videotape a second time in open court upon request."  (Respondent's Exhibit 31 at 6 (quoting *Young*, 645 So. 2d at 968))  To the contrary, *Young* "plainly acknowledge[d] that videotaped interviews between [a Child Protection Team] and child victims can be replayed at the jury's request, but they must be played in open

court and in the presence of all parties." (Respondent's Exhibit 31 at 6–7) The court discerned no prejudice from the possibility that the "jury view[ed] the [] videotapes in the jury room, as opposed to viewing the videotapes in open court in the presence of both parties." (Respondent's Exhibit 31 at 7) Moreover, the court (1) found no evidence that "the jury watched the taped interviews" during deliberations and (2) determined that "the victims' testimony was consistent in the interviews and at trial." (Respondent's Exhibit 31 at 8) Therefore, the court concluded that Coz "failed to establish that trial counsel's deficient performance compromised the fairness and reliability of the proceeding." (Respondent's Exhibit 31 at 9)

The post-conviction court reasonably rejected this claim for lack of prejudice. "The prejudice prong requires the petitioner to establish a reasonable probability that, but for counsel's errors, the outcome at trial would have been different." *Reed v. Sec'y, Fla. Dep't of Corr.*, 767 F.3d 1252, 1261 (11th Cir. 2014) (internal quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, "counsel's errors [must be] so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. "Applying AEDPA to *Strickland*'s prejudice standard, [the district court] must decide whether the state court's conclusion that [counsel's] performance . . . didn't prejudice [Coz] — that there was no substantial likelihood of a different result — was so obviously wrong that its error lies beyond any possibility

for fairminded disagreement." *Mungin v. Sec'y, Fla. Dep't of Corr.*, 89 F.4th 1308, 1317 (11th Cir. 2024) (internal quotation marks omitted).

Coz cannot meet this demanding standard.  He fails to establish a "reasonable probability" that the outcome of his trial would have been different if the jury had not had access to the videotaped interviews during deliberations.  *Strickland*, 466 U.S. at 694.  The jury had already watched the interviews during trial, and Coz points to no evidence that the jury viewed the interviews again while deliberating.  *See Sneathen v. Sec'y, Dep't of Corr.*, No. 20-11933, 2021 WL 4075748, at *4 (11th Cir. Sept. 8, 2021) ("[Petitioner] failed to establish that the outcome of his trial would have been different if the jury had not had access to M.G.'s interview during their deliberations. The jury had already watched M.G.'s interview during trial. [Petitioner's] speculation that the jury watched the interview again is insufficient to establish prejudice under *Strickland*.").  Moreover, as the post-conviction court explained, the jury could have "view[ed] the videotape[s] a second time in open court upon request." *Young*, 645 So. 2d at 968.  Also, "the victims' trial testimony [was] largely consistent with their [videotaped] interviews." (Respondent's Exhibit 31 at 8)  Thus, the post-conviction court reasonably concluded that Coz suffered no prejudice from counsel's deficient performance.  *See Platt v. Sec'y, Fla. Dep't of Corr.*, No. 18-14169-CV, 2020 WL 8922869, at *3 (S.D. Fla. Aug. 5, 2020) (finding no prejudice because the "video [interview with the child victim] was played during the trial," petitioner failed to "establish[] that the jury watched it again during

deliberations, and the "video was largely cumulative of the victim's testimony" at trial), *adopted by* 2021 WL 1109173 (S.D. Fla. Mar. 23, 2021).

**Ground Seven, Sub-Claim A:**

Coz contends that trial counsel provided ineffective assistance by failing to object to the prosecution's motion to consolidate his two cases. (Doc. 1 at 30) As explained above, Coz was initially charged in one case with aggravated child abuse for striking R.G. in the head with a cutting board, and in another case with sexual battery of E.O. and lewd or lascivious molestation of R.G. and L.O. The prosecution moved to consolidate the two cases, and Coz's counsel consented to consolidation. (Respondent's Exhibit 4) Coz maintains that counsel should have opposed consolidation "because the two cases were not the same episode and, given the nature of the charges against [him], consolidating the cases created undue bias." (Doc. 1 at 30)

The post-conviction court held an evidentiary hearing on this claim. Counsel testified that he "felt [consolidation] was our best move, strategically." (Respondent's Exhibit 30 at 28) He explained that, when he "initially spoke" to Coz, "the only thing [Coz] could say as far as [a] defense was the children [were] lying." (Respondent's Exhibit 30 at 20) Counsel "kept telling [Coz] there need[ed] to be a reason for why they lied." (Respondent's Exhibit 30 at 20) Counsel and his client eventually settled on the theory that the victims fabricated the sexual abuse because they were upset at Coz for accidentally hitting R.G. in the head on Christmas Day 2014. Therefore, consolidation would allow counsel to use the

Christmas incident as a motive for the victims to "mak[e] up" the sexual abuse. (Respondent's Exhibit 30 at 56)  Counsel acknowledged that consolidation can be "a double-edged sword" but claimed that "in this particular case, [he] felt that [consolidation] would be beneficial[] strategically."  (Respondent's Exhibit 30 at 27, 29) Also, counsel testified that he discussed consolidation with Coz "prior to trial at the jail" and that Coz had no objection to consolidation.  (Respondent's Exhibit 30 at 55–57)  Finally, counsel "anticipated" that the cases would "in all likelihood [] be consolidated even if we were to object."  (Respondent's Exhibit 30 at 23)

The post-conviction court denied Coz's claim in a written order.  The court noted that "the defense theory connected the physical abuse in [the first case] to the sexual abuse in [the second case] by asserting that the physical abuse was an accident and the children lied about the sexual abuse to get revenge for the one child's injury." (Respondent's Exhibit 31 at 9)  The court credited counsel's testimony that "he made a strategic choice to consolidate the cases because the defense strategy was to show that all three children fabricated a story of sexual abuse after [Coz] hit and injured one of the children."  (Respondent's Exhibit 31 at 9)  Also, the court credited counsel's statement that "he did discuss consolidating the cases with" Coz. (Respondent's Exhibit 31 at 10)  The court concluded that counsel did not provide ineffective assistance because he "adopt[ed] [a] reasonable strateg[y], even if in retrospect [that] strateg[y] appeared unadvisable."  (Respondent's Exhibit 31 at 9 (quoting *Hitchcock* v. *State,* 991 So. 2d 337, 347 (Fla. 2008)))

The rejection of this claim was reasonable.  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."  *Strickland*, 466 U.S. at 690.  A strategic choice "will be held to have been ineffective assistance only if it was so patently unreasonable that no competent attorney would have chosen it."  *Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).  "Because *Strickland* allows for a range of strategic choices by trial counsel, so too is there considerable leeway for state courts to determine the reasonableness of those choices."  *Franks v. GDCP Warden*, 975 F.3d 1165, 1176 (11th Cir. 2020).  Consequently, to prevail on his ineffective assistance claim, Coz "would have to show that no reasonable jurist could find that his counsel's performance fell within the wide range of reasonable professional conduct."  *Franks*, 975 F.3d at 1176.

Coz fails to overcome the "doubly deferential" standard of review required by *Strickland* and AEDPA.  *Pinholster*, 563 U.S. at 190.  A reasonable jurist could conclude that counsel acted "within the wide range of reasonable professional conduct" when he consented to consolidation.  *Franks*, 975 F.3d at 1176.  Counsel believed that consolidation would be "beneficial[] strategically" because a single trial would allow him to present Coz's "only defense," namely, that the victims fabricated the sexual abuse out of anger at Coz for accidentally hitting R.G. in the head. (Respondent's Exhibit 30 at 27, 34)  If the jury concluded that the victims fabricated the sexual abuse, it might find that they were lying about the Christmas incident too. Also, competent counsel could have believed that exposing Coz to two trials — with

two chances of a conviction — was not in Coz's best interest.  *See Richter*, 562 U.S. at 110 ("*Strickland* . . . calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind."); *Hanna v. State*, 970 So. 2d 385, 386 (Fla. 3d DCA 2007) (finding that counsel acted reasonably in opposing severance because "[t]hat decision exposed [defendant] to a single trial rather than two trials").  And counsel's strategy was partially successful — the jury acquitted Coz of lewd or lascivious molestation of L.O.  In these circumstances, a reasonable jurist could conclude that "[some] competent counsel would have taken the action that [Coz's] counsel did take."  *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000).

**Ground Seven, Sub-Claim B:**

Coz argues that trial counsel provided ineffective assistance by failing to adequately move for a judgment of acquittal on the aggravated child abuse count. (Doc. 1 at 34)  As explained above in connection with ground one, the prosecution presented sufficient evidence to sustain Coz's conviction for aggravated child abuse. Therefore, counsel did not perform deficiently by failing to raise Coz's meritless sufficiency challenge.  *See Freeman*, 536 F.3d at 1233 ("A lawyer cannot be deficient for failing to raise a meritless claim.").

**Ground Eight:**

Coz asserts that trial counsel rendered ineffective assistance by "stipulating to [the] admission of child victim hearsay."  (Doc. 1 at 35)  Under Florida law, a "child hearsay statement" is admissible if it "meet[s] two specific reliability requirements:

(1) the source of the information through which the statement was reported must show trustworthiness; and (2) the time, content, and circumstances of the statement must reflect that the statement provides sufficient safeguards of reliability." *Fitzsimmons v. State*, 309 So. 3d 261, 264 (Fla. 1st DCA 2020).  As explained earlier, the jury watched videotapes of the victims' interviews with the Manatee County Child Protection Team.  Four months before trial, Coz's counsel stipulated to the admission of those interviews.  (Respondent's Exhibit 30 at 37)  Coz contends that the stipulation exposed the jury to "insufficient hearsay evidence" and "deprived [him] of [his] right to effective assistance of counsel."  (Doc. 1 at 36)

The post-conviction court rejected this claim for lack of prejudice.  The court applied Florida law and held that Coz had "not proven that the [trial judge] would have excluded the videotapes of the [] interviews if [counsel] had objected to their admission."  (Respondent's Exhibit 31 at 15)  The court explained that "the out-of-court statements [were] video recordings" and thus constituted "reliable sources of information."  (Respondent's Exhibit 31 at 12)  Also, the court found that the "time, content, and circumstances under which [the statements] were made" did not require exclusion of the child hearsay statements.  (Respondent's Exhibit 31 at 12–15)  Therefore, Coz "failed to establish that [counsel's] stipulation to admit the child hearsay so greatly affected the fairness of the proceeding that confidence in the outcome ha[d] been undermined."  (Respondent's Exhibit 31 at 15)

The rejection of this claim was reasonable.  "[A]lthough the issue of ineffective assistance . . . is one of constitutional dimension," a court "must defer to

the state's construction of its own law when the validity of the [ineffective assistance] claim . . . turns on state law." *Pinkney*, 876 F.3d at 1295.  The post-conviction court found no prejudice from counsel's stipulation because Coz had "not proven that the [trial judge] would have excluded the videotapes of the [] interviews if [counsel] had objected to their admission." (Respondent's Exhibit 31 at 15)  The admissibility of child hearsay is a matter of Florida law.  Consequently, the post-conviction court "already has told us how the issue[] would have been resolved under Florida state law had [counsel] done what [Coz] argues he should have done." *Herring v. Sec'y. Dep't of Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005).  The federal district court cannot "second-guess that state law determination." *Schermick v. Sec'y, Fla. Dep't of Corr.*, No. 16-15924-G, 2018 WL 11433603, at *4 (11th Cir. Nov. 29, 2018) (rejecting ineffective assistance claim because "[t]he state court already concluded, when considering [petitioner's] post-conviction motion, that, even if [] trial counsel had moved to challenge the reliability of the child hearsay statements, the statements would have been admitted").

Because the post-conviction court "authoritatively decided as a matter of [Florida] law" that the child hearsay would not have been excluded, the remainder of the analysis is straightforward. *Calhoun v. Warden, Baldwin State Prison*, 92 F.4th 1338, 1351 (11th Cir. 2024).  "[A] lawyer's failure to preserve a meritless issue plainly cannot prejudice a client." *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).  Therefore, the post-conviction court reasonably concluded that Coz

suffered no prejudice from counsel's failure to raise a meritless objection to the child hearsay statements.[5]

## V. <u>CONCLUSION</u>

Coz's application for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk must enter a judgment against Coz and **CLOSE** this case.

### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL <u>*IN FORMA PAUPERIS*</u>

Because Coz fails to demonstrate either a substantial showing of the denial of a constitutional right or that reasonable jurists would debate both the merits of the grounds and the procedural issues, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Coz must obtain permission from the court of appeals to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on July 17, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[5] Generously construed, ground eight alleges that trial counsel was "ineffective for failing to argue" that "insufficient evidence" supported Coz's convictions for sexual battery and lewd or lascivious molestation.  (Doc. 1 at 35)  As explained earlier, any such argument would have failed because the prosecution presented sufficient evidence to convict Coz of both offenses.